GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
grw@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba MR. COOPER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, dba MR. COOPER,<br><br>          Defendant. | Case No. 3:18-cv-03343-JD<br>Honorable James Donato<br>Ctrm. 11<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     September 6, 2018<br>Time:     10:00 a.m.<br>Crtrm.:   11<br><br>Action Filed:     June 6, 2018<br>Trial Date:       None Set |

Please take notice that on September 6, 2018 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 11 of the above-entitled Court at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Nationstar Mortgage LLC dba Mr. Cooper ("NSM") will, and it hereby does, move to dismiss the complaint.

This motion is brought under Fed. R. Civ. P. 12(b)(6) and is based on this notice, the accompanying memorandum of points and authorities and request for judicial notice, the complaint, and all other records and papers on file in this action.

The motion is made on the ground that because a Residential Mortgage Lender ("RML"), such as NSM, is legally required to deposit borrowers' escrow payments in a non-interest-bearing account, California law does not require the RML to pay interest on those escrow payments. Each of the complaint's claims is based on the contrary assumption that California law requires NSM to pay interest on escrow sums. That assumption is erroneous. Hence, the complaint fails to state a claim on which relief may be granted and so should be dismissed.

DATED:  July 27, 2018

SEVERSON & WERSON
A Professional Corporation


By:    /s/ Genevieve R. Walser-Jolly
              Genevieve R. Walser-Jolly

Attorneys for Defendant NATIONSTAR MORTGAGE LLC dba MR. COOPER

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     THE FACTS .................................................................................................... 2

III.    AN RML NEED NOT PAY INTEREST ON ESCROW ................................. 2

    A.      Applicable Rules Of Statutory Construction ......................................... 2

    B.      Under The Plain Meaning Of The Statutory Language, An RML Need Not Pay Interest On Escrow Payments It Must Deposit In A Non-Interest-Bearing Account ................................................................................... 4

    C.      The Canon Of Constitutional Doubt Confirms The Plain Meaning Interpretation ....................................................................................... 5

IV.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED ..................................... 7

    A.      Razuki's UCL Claim Is Meritless ........................................................ 7

        1.      NSM's Non-Payment Of Interest Is Not Unlawful ................... 7

        2.      NSM's Non-Payment Of Interest Is Not Unfair ........................ 8

        3.      NSM's Non-Payment Of Interest Is Not Fraudulent ................. 9

    B.      Razuki's Breach Of Contract Claim Lacks Merit ................................ 9

V.      CONCLUSION ................................................................................................ 10

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*926 North Ardmore Avenue, LLC v. County of Los Angeles,*
   3 Cal.5th 319, 328 (2017)..................................................................................3

6

*American Bank & Trust Co. v. Community Hospital,*
   36 Cal.3d 359 (1984)........................................................................................3

7
8

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
   20 Cal.4th 163 (1999)....................................................................................7, 8

9
10

*Downen's, Inc. v. City of Hawaiian Gardens Dev. Agency,*
   86 Cal.App.4th 856 (2001)................................................................................3

11

*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC,*
   61 Cal.4th 830 (2015).......................................................................................3

12
13

*Freeman v. Time, Inc.,*
   68 F.3d 285 (9th Cir. 1995)..............................................................................9

14
15

*Lavie v. Procter & Gamble Co.,*
   105 Cal.App.4th 496 (2003).............................................................................9

16

*Lozano v. AT & T Wireless Servs., Inc.,*
   504 F.3d 718 (9th Cir. 2007)........................................................................7, 8

17
18

*Orkin Exterminating Co. v. FTC,*
   849 F2d 1354 (11th Cir. 1988).........................................................................9

19
20

*People v. Chatman,*
   4 Cal.5th 277, 289 (2018).................................................................................6

21

*People v. Gutierrez,*
   58 Cal.4th 1354 (2014).....................................................................................4

22
23

*Rubenstein v. The Gap, Inc.,*
   14 Cal.App.5th 870, 880 (2017).......................................................................9

24
25

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.,*
   72 Cal.App.4th 861 (1999)............................................................................8, 9

26

**Statutes**

27

15 U.S.C. § 1639d(g)(3)...............................................................................1, 7, 8

28

Cal. Bus. & Prof. Code, § 17200.....................................................................1, 7

NOTICE OF MOTION AND MOTION TO DISMISS

Cal. Civ. Code, § 2954.8(d)(2) ............................................................................................1, 5, 7

Cal. Fin. Code, § 50202(a), (b) ...............................................................................................5, 7

Cal. Fin. Code, §50202(b) ......................................................................................................1, 5

California Residential Mortgage Lending Act, Financial Code, Division 20,
    Sections 50000-50706 ...................................................................................................4

California's Unfair Competition Law .........................................................................................1

Civil Code § 2954.8(a) .............................................................................................................4

Civil Code § 2958.9 .................................................................................................................1

Fin. Code, § 50202(f)(5) ..........................................................................................................8

Financial Code § 50202 ........................................................................................................2, 4

Financial Code § 50202(a) and (b), Section 50202 ....................................................................4

Financial Code § 50202(f) ........................................................................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This class action turns on the answer to a single legal question.

> Does California law require a licensed Residential Mortgage Lender ("RML") to pay interest on borrowers' escrow payments even though it requires the RML to deposit those payments in a non-interest-bearing account?

The answer is "no." California law does not force an RML to pay interest, while forbidding it to earn interest, on escrow payments. Instead, like every other type of regulated loan servicer that is legally required to deposit escrow payments in non-interest-bearing accounts, RMLs are not required to pay interest on those amounts. Cal. Civ. Code, § 2954.8(d)(2).

Defendant Nationstar Mortgage LLC dba Mr. Cooper ("NSM") is a licensed RML. As an RML, NSM is required to deposit all escrow payments it receives "in a non-interest-bearing account in a federally insured depositary institution." Cal. Fin. Code, §50202(b). Hence, under Civil Code § 2954.8(d)(2), the rest of § 2954.8 does not apply to those payments. The payments are not "covered by" § 2954.8 and no interest need be paid on them.

As California law does not require NSM to pay interest on plaintiff Salam Razuki's ("Razuki's") escrow payments, there is no merit to his complaint, which should be dismissed.

Contrary to Razuki's allegations, NSM did not violate California's Unfair Competition Law ("UCL"; Cal. Bus. & Prof. Code, § 17200) by not paying interest on his escrow payments. As just stated, Civil Code § 2958.9 does not require an RML to pay interest. So neither does 15 U.S.C. § 1639d(g)(3), which simply mandates compliance with state laws requiring payment of interest. It is not unfair for NSM to pay no interest when it is forbidden to earn interest on escrow payments. And because state law does not require NSM to pay interest, it breached no promise to pay interest pursuant to applicable law.

Razuki's breach of contract claim founders on the same legal reef. His deed of trust provides that the Lender is not required to pay interest on escrow funds "[u]nless … Applicable Law requires interest to be paid on the funds …." ECF No. 1, ¶ 36; Request for Judicial Notice

1 (RJN), Ex. B.  Applicable Law does not require payment of interest.  So NSM did not breach the

2 deed of trust by paying none.

3  All of Razuki's claims depend on his assertion that California law requires NSM to pay

4 interest on his escrow payments.  That assertion is wrong.  So all of Razuki's claims fail to state

5 facts on which relief may be granted.  Accordingly, the Court should dismiss Razuki's complaint.

6 The dismissal should be without leave to amend since the central legal fallacy of Razuki's

7 complaint cannot be cured by changing its factual allegations.

8  **II.**

9  **THE FACTS**

10  In California, NSM is duly licensed as an RML.  RJN, Ex. A.  It originates and services

11 home loans.  ECF No. 1, ¶¶ 1, 5, 10.

12  Razuki owns a house in San Diego County.  RJN, Ex. B.  In 2013, he obtained a home

13 loan, executing a note and a deed of trust encumbering his San Diego property.  *Id.*; ECF No. 1, ¶

14 5.  Razuki's deed of trust requires him to make monthly escrow payments to cover the taxes and

15 insurance premiums on his property.  ECF No. 1, ¶¶ 5, 6; RJN, Ex. B, § 3.  The deed of trust also

16 provides that "[u]nless an agreement is made in writing or Applicable Law requires interest to be

17 paid on the Funds [i.e., escrow payments], Lender shall not be required to pay Borrower any

18 interest or earnings on the Funds."  *Id.*

19  Razuki made monthly escrow payments of approximately $359.84 per month.  ECF No. 1,

20 ¶¶ 6, 7.  NSM never paid Razuki interest on the escrow account.  *Id.*, ¶ 7.

21  Based on those spare facts, Razuki has attempted to allege claims for violation of the UCL

22 and breach of contract.  ECF No. 1, ¶¶ 25-37.

23  **III.**

24  **AN RML NEED NOT PAY INTEREST ON ESCROW**

25 **A.  Applicable Rules Of Statutory Construction**

26  To determine whether an RML must pay interest on borrowers' escrow payments, the

27 Court must construe two California statutes:  Civil Code § 2954.8 and Financial Code § 50202.  In

28 doing so, it applies well-established rules of statutory interpretation.

1   A court's "fundamental task in construing" a statute "is to ascertain the intent of the

2   lawmakers so as to effectuate the purpose of the statute.  [The court begins] with the statute's

3   actual words, the 'most reliable indicator' of legislative intent, 'assigning them their usual and

4   ordinary meanings, and construing them in context.  If the words themselves are not ambiguous,

5   [the court presumes] the Legislature meant what it said, and the statute's plain meaning governs."

6   *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC*, 61 Cal.4th 830, 837-

7   38 (2015) (citations omitted).

8   When, as in this case, the court must determine how two separate statutes interact, "two

9   principles of statutory construction are especially relevant. First, [a] court must, where reasonably

10  possible, harmonize statutes, reconcile seeming inconsistences in them, and construe them to give

11  force and effect to all of their provisions ....  … Second, all presumptions are against a repeal by

12  implication, including partial repeals that occur when one statute implicitly limits another statute's

13  scope of operation."  *Id*. at 838 (citations and internal quotes omitted).

14  Furthermore, "[t]he words of the statute 'must be construed in context, keeping in mind the

15  statutory purpose, and statutes or statutory sections relating to the same subject must, to the extent

16  possible, be harmonized.' "  *926 North Ardmore Avenue, LLC v. County of Los Angeles*, 3 Cal.5th

17  319, 328 (2017).

18  "Where a statute is reasonably susceptible to two interpretations, the court must adopt the

19  one that is consistent with the apparent legislative purpose and intent and that, when applied, will

20  result in wise policy rather than absurd or harsh results."  *Downen's, Inc. v. City of Hawaiian

21  Gardens Dev. Agency*, 86 Cal.App.4th 856, 860 (2001) (*citing County of San Diego v. Muniz*, 22

22  Cal.3d 29, 36 (1978)).

23  If a statute is ambiguous, that is susceptible of two or more meanings, the court also pro-

24  ceeds "in light of the familiar principle that a statute should be construed to avoid all doubts as to

25  its constitutionality."  *American Bank & Trust Co. v. Community Hospital,* 36 Cal.3d 359, 376

26  (1984).  "[C]alled the canon of constitutional doubt," this rule "reflects 'a judgment that statutes

27  ought not to tread on questionable constitutional grounds unless they do so clearly' as well as 'a

28  judgment that courts should minimize the occasions on which they confront and perhaps contra-

1  dict the legislative branch.' " *People v. Gutierrez,* 58 Cal.4th 1354, 1373 (2014).  Thus, when

2  faced with an ambiguous statute, the court " should endeavor to construe the statute in a manner

3  which avoids any doubt concerning its [constitutional] validity." *Id.* (quoting *People v. Leiva,*

4  56 Cal.4th 498, 506-07 (2013)).

5  **B.     Under The Plain Meaning Of The Statutory Language, An RML Need Not Pay
          Interest On Escrow Payments It Must Deposit In A Non-Interest-Bearing Account**

6          As a general rule, Civil Code § 2954.8(a) requires a financial institution to pay 2% per

7  annum interest on escrow payments from home loan borrowers.  To quote the pertinent statutory

8  language:[1]

9
10              Every financial institution that makes loans upon the security of real
                property containing only a one- to four-family residence and located
11              in this state … and that receives money in advance for payment of
                taxes and assessments on the property, for insurance, or for other
12              purposes relating to the property, shall pay interest on the amount so
                held to the borrower. The interest on such amounts shall be at the
13              rate of at least 2 percent simple interest per annum.

14          However, the general rule stated in § 2954.8(a) is subject to an important exception.

15  Section 2954.8(d) states that "[t]he provisions of this section do not apply to any of the following:

16  … (2) Moneys which are required by a state or federal regulatory authority to be placed by a

17  financial institution other than a bank in a non-interest-bearing demand trust fund account of a

18  bank."

19          Pursuant to subdivision (d)(2), § 2954.8 does not apply to escrow funds that a lender or

20  loan servicer is legally required to place in a non-interest-bearing account.  And, thus, interest

21  need not be paid on those funds.

22          Escrow funds held by an RML fall within § 2954.8(d)(2)'s exception.  Financial Code

23  § 50202(a) and (b)[2] require an RML to hold escrow funds in a non-interest-bearing account at a

24  federally insured depository institution.  Subdivision (a) provides that "[e]scrow funds for a

25  _____

26  [1]     The full text of Civil Code § 2954.8 and of Financial Code § 50202 is set forth in
          Appendix A to this memorandum.

27  [2]     Section 50202 is part of the California Residential Mortgage Lending Act ("CRMLA"),
          Financial Code, Division 20, Sections 50000-50706.

28

1  purpose authorized by the residential mortgage loan contract … (2) shall be maintained in a

2  depository institution as described in subdivision (b) …."  Subdivision (b), in turn, states that

3  "[e]xcept as provided in subdivision (f), a trust account shall be placed in a non-interest-bearing

4  account in a federally insured depository institution, a federal home loan bank, a federal reserve

5  bank, or other similar government-sponsored enterprise …."

6       An RML, like NSM, is a financial institution other than a bank.  Under § 50202, part of the

7  state act regulating RMLs, an RML, like NSM, is required to place escrow funds it receives in a

8  non-interest-bearing account at a federally insured institution.  Hence, under Civil Code

9  § 2954.8(d)(2), that section and its requirement that interest be paid on escrow funds "do not

10 apply" to escrow funds held by an RML.

11      Section 50202(d)'s second sentence is consistent with this reading as well.  That sentence

12 provides that "[a] borrower shall receive at least 2 percent simple interest per annum on impound

13 account payments covered by Section 2954.8 of the Civil Code."  By reason of § 2954.8(d)(2),

14 § 2954.8 does "not apply to"—and so does not "cover"—moneys, such as impound account pay-

15 ments, that § 50202(b) requires an RML to deposit in a non-interest-bearing account.  Thus, an

16 RML need not pay interest on those impound account moneys.

17      Interpreted this way, California statutes governing interest on escrow payments make a

18 consistent whole, treating all lenders and loan servicers, including RMLs, equally.  All must pay

19 2% interest on escrow if legally allowed to deposit escrow payments in interest-bearing accounts.

20 None need pay interest on escrow if legally required to deposit escrow payments in non-interest-

21 bearing accounts.

22 **C.      The Canon Of Constitutional Doubt Confirms The Plain Meaning Interpretation**

23      The canon of constitutional doubt reinforces the plain meaning interpretation of § 2954.8

24 and § 50202 given above.

25      A serious constitutional question would be raised if those two statutes were construed to

26 require an RML to pay interest on escrow accounts.  Non-RML lenders are not required to pay

27 interest on escrow amounts if those lenders' regulators require them to deposit the escrow amounts

28 in non-interest-bearing accounts.  Cal. Civ. Code, § 2954.8(d)(2).  Section 50202(a), (b) requires

1   an RML to deposit escrow amounts in non-interest-bearing accounts.  If, despite that requirement,

2   California law also demanded that an RML to pay interest on escrow amounts, the law would

3   plainly treat the RML in an unequal manner—requiring the RML to pay interest when no other

4   type of lender or loan servicer is required to do so.

5        Even if a law does not draw on a suspect classification or burden fundamental rights, it

6   falls afoul of the Equal Protection Clause if it treats "two or more groups that are similarly situated

7   in an unequal manner" that "bears [no] rational relationship to a legitimate state purpose."  *People

8   v. Chatman*, 4 Cal.5th 277, 289 (2018).

9        Sections 2954.8 and 50202 could not satisfy that equal protection test if they were con-

10  strued to require a RML to pay interest on escrow amounts.  Under that reading, the statutes would

11  subject RMLs to seriously unequal treatment, requiring the RMLs to pay interest on escrow

12  amounts when no non-RML lender or loan servicer is required to do so.  A non-RML lender or

13  loan servicer that must deposit escrow amounts in a non-interest-bearing account is relieved of the

14  duty to pay interest on escrow moneys under § 2954.8(d)(2).  But under those same circumstances

15  (i.e., required deposit in a non-interest-bearing account), an RML would be required to pay interest

16  on escrow sums.

17       That unequal treatment would bear no rational relationship to any legitimate state purpose.

18  In § 2954.8(d)(2), the Legislature chose not to require payment of interest on escrow amounts

19  whenever a non-RML lender or loan servicer is legally required to deposit those amounts in a non-

20  interest-bearing account.  No legitimate state purpose is served by treating an RML differently.

21  The type of license the lender or loan servicer holds has no rational relationship to the legislative

22  choice not to require payment of interest when the lender or loan servicer can earn none.  Section

23  2954.8(d)(2)'s obvious purpose is to avoid the inequity of forcing the lender or loan servicer to

24  pay interest on sums that it must, by law, deposit in non-interest-bearing accounts.  No legitimate

25  state purpose is fulfilled by treating RMLs less favorably in this regard.

26       The plain meaning interpretation given in the preceding section avoids the serious

27  constitutional question that would arise if §§ 2954.8 and 50202 were construed to require an RML

28

1  to pay interest on escrow sums.  So this Court should adopt the preceding section's plain meaning

2  interpretation even if it finds the statutes are susceptible of the contrary meaning.

3  IV.

4  **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED**

5  Because an RML, like NSM, must deposit escrow amounts in a non-interest-bearing

6  account and because such an RML is, therefore, under no statutory duty to pay interest on escrow

7  amounts, none of the causes of action alleged in Razuki's complaint state a claim on which relief

8  may be granted.  Each should be dismissed.

9  **A.     Razuki's UCL Claim Is Meritless**

10  Razuki's first cause of action is for violation of California's UCL, which prohibits unlaw-

11  ful, unfair or fraudulent business acts or practices.  Cal. Bus. & Prof. Code, § 17200; *Lozano v.*

12  *AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).

13  **1.     NSM's Non-Payment Of Interest Is Not Unlawful**

14  A business act or practice is "unlawful" within the UCL's meaning if the act or practice

15  violates some other law.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th

16  163, 180 (1999).  Razuki alleges that NSM's practice of not paying interest on escrow amounts is

17  "unlawful" because that practice violates Civil Code § 2954.8 and 15 U.S.C. § 1639d(g)(3).  ECF

18  No. 1,¶ 27.  That allegation is untrue.

19  For the reasons set forth above, pp. 2-6, § 2954.8 does not apply to escrow amounts held

20  by an RML like NSM because the RML is required by law to deposit those amounts in a non-

21  interest-bearing account.  Cal. Civ. Code, § 2954.8(d)(2), Cal. Fin. Code, § 50202(a), (b).

22  Section 1639d(g)(3) does not impose any independent duty to pay interest on escrow

23  amounts.  Instead, it simply requires payment of interest on the amount held in any impound, trust,

24  or escrow account "[i]f [and in the manner] prescribed by applicable State or Federal law …."

25  Here, for the reasons stated above, pp. 2-6, applicable State law does not require NSM to pay

26  interest.  Razuki does not suggest that any other Federal law requires payment of interest on his

27  escrow payments.

28

1    Thus, NSM's practice violates neither Civil Code § 2954.8 nor 15 U.S.C. § 1639d(g)(3)

2    and so is not "unlawful" within the UCL's meaning.

3         **2.    NSM's Non-Payment Of Interest Is Not Unfair**

4         "The California courts have not yet determined how to define 'unfair' in the consumer

5    action context …" *Lozano*, 504 F.3d at 736.  In *Lozano*, the Ninth Circuit decided to use either the

6    *Cel-Tech* test of unfairness tied to a legislatively declared policy or *South Bay* balancing test.  *Id*.

7         Razuki does not and could not allege that NSM's nonpayment of interest is unfair under

8    the *Cel-Tech* test.  *See* ECF No. 1, ¶ 27.  The practice does not offend any legislatively declared

9    policy.  Instead, as shown above, California's legislatively declared policy is that a lender or loan

10   servicer need not pay interest on escrow amounts if, like NSM, it is legally required to deposit

11   those sums in a non-interest-bearing account.  Cal. Civ. Code, §2954.8(d)(2).

12        Under the *South Bay* balancing test, determining "whether a business practice is unfair

13   'involves an examination of [that practice's] impact on its alleged victim, balanced against the

14   reasons, justifications and motives of the alleged wrongdoer. In brief, the court must weigh the

15   utility of the defendant's conduct against the gravity of the harm to the alleged victim ...."  *S. Bay*

16   *Chevrolet v. Gen. Motors Acceptance Corp*., 72 Cal.App.4th 861, 886 (1999).

17        Here, the balance weighs in NSM's favor.  The harm borrowers incur in not earning

18   interest on their escrow amounts is outweighed by the reason or justification for NSM's non-

19   payment of interest; namely, that California's Legislature has forbidden NSM from earning

20   interest on those amounts.  Section 2954.8(d)(2) proves that, in the Legislature's view, NSM's

21   reason or justification outweighs the harm to borrowers.  That is why the Legislature has decreed

22   that § 2954.8's interest-payment requirement "does not apply" when a lender or loan servicer must

23   deposit escrow amounts in non-interest-bearing account, as NSM must.

24        Furthermore, a borrower has an easy remedy if he or she still wishes to earn interest on his

25   or her escrow payments.  Under Financial Code § 50202(f), the borrower may ask an RML, like

26   NSM, to "transfer the funds initially deposited in a non-interest-bearing trust account into an

27   interest-bearing account in a federally insured depository institution."  If the RML does so, the

28   borrower is then entitled to receive all interest earned on the account.  Fin. Code, § 50202(f)(5).

1    Harm that a consumer may reasonably avoid is not a sufficient ground for finding a business

2    practice to be unfair.  *Rubenstein v. The Gap, Inc.,* 14 Cal.App.5th 870, 880 (2017); *Orkin*

3    *Exterminating Co. v. FTC,* 849 F2d 1354, 1364 (11th Cir. 1988).

4            Finally, as in *South Bay*, the practice was not unfair because the parties expressly agreed to

5    it.  *See S. Bay Chevrolet,* 72 Cal.App.4th at 887.  Here, Razuki's deed of trust expressly provided

6    that no interest would be paid on escrow amounts "[u]nless an agreement is made in writing or

7    Applicable Law requires interest to be paid …."  RJN, Ex. B, § 3.

8            **3.    NSM's Non-Payment Of Interest Is Not Fraudulent**

9            A business practice is "fraudulent" within the UCL's meaning if it is likely to deceive

10   reasonable members of the public to which it is directed.  *Lavie v. Procter & Gamble Co.*,

11   105 Cal.App.4th 496, 506-07 (2003); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995).

12           Razuki baldly concludes that NSM's practices are fraudulent.  ECF No. 1, ¶ 27.  The alle-

13   gation is untrue.

14           The only possible "promise to pay" that Razuki alleges is found in section 3 of his deed of

15   trust which states that "[u]nless an agreement is made in writing or Applicable Law requires inter-

16   est to be paid on the Funds [i.e., escrow payments], Lender shall not be required to pay Borrower

17   any interest or earnings on the Funds."  ECF No. 1, ¶ 7.  Razuki alleges no written agreement to

18   pay interest.  As shown above, Applicable Law does not require NSM to pay interest.  As neither

19   "unless" applies, the Lender was not required to pay interest.  NSM broke no promise by doing as

20   § 3 of the deed of trust expressly allowed.  Nor would any reasonable consumer be deceived.

21           Thus, Razuki did not allege facts showing that NSM"s nonpayment of interest on escrow

22   funds was unlawful, unfair or deceptive.  His UCL cause of action fails to state facts showing any

23   violation of that law.

24   **B.    Razuki's Breach Of Contract Claim Lacks Merit**

25           Razuki's breach of contract cause of action is based on § 3 of his deed of trust and

26   particularly its sentence stating that the Lender will not pay interest on escrow funds unless

27   required by a written agreement or Applicable Law.  ECF No. 1, ¶ 36.  Razuki alleges that NSM

28

1  breached that section when it did not pay interest on escrow amounts thereby supposedly failing

2  "to comply with applicable state and federal law."  *Id*.

3       Those allegations fail to state a viable claim because applicable state and federal law, in

4  fact, do not require NSM to pay interest on escrow funds as already explained.  *See* pp. 2-7 above.

5                                              **V.**

6                                        **CONCLUSION**

7       For the reasons stated, Razuki's complaint does not state facts on which any relief may be

8  granted.  Moreover, the defects are incurable by amendment.  So this motion to dismiss should be

9  granted without leave to amend.

10

11  DATED:  July 27, 2018                   SEVERSON & WERSON
                                            A Professional Corporation
12

13

14                                          By:  _____/s/ Genevieve R. Walser-Jolly_____
                                                      Genevieve R. Walser-Jolly
15

16                                          Attorneys for Defendant NATIONSTAR MORTGAGE
                                            LLC dba MR. COOPER
17

18

19

20

21

22

23

24

25

26

27

28