**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company dba MR. COOPER,<br><br>Defendant. | Case No. 3:18-cv-03343-JD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE'S MOTION TO DISMISS**<br><br>**Date**: September 6, 2018<br>**Time**: 10:00 a.m.<br>**Judge**: Hon. James Donato<br>**Courtroom**: 11<br><br>**Action Filed**: June 6, 2018<br>**Trial Date**: None Set |

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................1

II.  FACTS AND CLAIMS AT ISSUE ........................................................2

III. ANALYSIS: THE EXCEPTION IN SECTION 2954.8 DOES
     NOT APPLY. DEFENDANT'S INTERPRETATION IS
     ERRONOUS AND COUNTER TO THE POLICIES AND
     REMEDIAL SCHEME BEHIND THE STATUTES ...............................3

     A.   Specific Statutory Language at Issue ...........................................3

     B.   The Plain Language of the These Statutes Reveals
          That No Exception Applies .............................................................5

          1.   Relevant Principles Of Statutory Interpretation .................5

          2.   Faithfully Applying these Principles Means that
               Defendant Owed the Interest and No Exception
               Applies ....................................................................................6

     C.   The Public Policies and Remedial Purpose Behind
          These Statutes Supports Plaintiff's Interpretation, Not
          Defendant's ...................................................................................10

          1.   Overview of the Statutory Scheme at Issue ......................10

          2.   The Statutory Purpose of Section 2954.8 and
               Related Statutes Supports Plaintiff's View .....................12

     D.   Separately, the Language of Defendant's Own
          Contract with Plaintiff Undercuts Its Argument for an
          Exception .......................................................................................13

     E.   Defendant's Remaining Constitutional Argument Is
          Unavailing ......................................................................................13

IV.  CONCLUSION ....................................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Burlington N. & Santa Fe Ry. Co. v. Puc*,
  112 Cal. App. 4th 881 (2003) ........................................................................6

*Burlington N. & Santa Fe Ry. Co.*,
  112 Cal. App. 4th 881 (2003) ........................................................................9

*DiCampli-Mintz v. County of Santa Clara*,
  55 Cal. 4th 983 (2012) ..............................................................................5, 9

*Estate of Griswold*,
  25 Cal. 4th 904 (2001) .........................................................................5, 8, 14

*Findley v. Justice Court*,
  62 Cal. App. 3d 566 (1976) .........................................................................10

*Haas v. Meisner*,
  103 Cal. App. 4th 580 (2002) .....................................................................6, 8

*In re Brandy R.*,
  150 Cal. App. 4th 607 (2007) ......................................................................5, 9

*Kirk v. Source One Mortgage Services Corp.*,
  46 Cal. App. 4th 483 (1996) .....................................................................6, 13

*Kwan v. Mercedes-Benz of North America, Inc.*,
  23 Cal. App. 4th 174 (1994) .........................................................................13

*Lonely Maiden Productions, LLC v. GoldenTree Asset Management,
  LP*, 201 Cal. App. 4th 368 (2011) ................................................................11

*Marsh v. Home Fed. Sav. & Loan Assn.*,
  66 Cal. App. 3d 674 (1977) ..........................................................................11

*Metro. Water Dist. v. Superior Court*,
  32 Cal. 4th 491 (2004) ...............................................................................5, 8

*People v. Acosta*,
  29 Cal. 4th 105 (2002) ...............................................................................5, 8

*Petherbridge v. Prudential Sav. & Loan Assn.*,
  79 Cal. App. 3d 509 (1978) .....................................................................11, 12

*Pineda v. Williams-Sonoma Stores, Inc.*,
  51 Cal. 4th 524 (2011) .............................................................................6, 13

*Rose v. J.P. Morgan Chase, N.A.*,
  No. 2:12-225-WBS, 2012 WL 3205426 (E.D. Cal. Aug. 2, 2012) .................11

1

**FEDERAL STATUTES**

2

12 U.S.C. § 1813 .................................................................................1, 4, 7

3

4

**OTHER AUTHORITIES**

5

Smith-Chavez, Stratton & Trembath,
   California Civil Practice-Real Property § 4:38 ............................................6, 13

6

7

**STATE STATUTES**

8

Cal. Civ. Code § 2947 ....................................................................1, 3, 10

9

Cal. Civ. Code § 2954 ...........................................................................11

10

Cal. Civ. Code § 2954.1 .........................................................................11

11

Cal. Civ. Code § 2954.12 ........................................................................11

12

Cal. Civ. Code § 2954.8 ...............................................................1, 2, 3, 5, 6, 8, 9

13

Cal. Civ. Code § 2955 ...........................................................................11

14

Cal. Fin. Code § 50003 ....................................................................1, 4, 7

15

Cal. Fin. Code § 50202 ........................................................ 1, 3, 4, 5, 6, 7, 8, 9, 10

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    __INTRODUCTION__

California has many remedial statutes designed to protect consumers from the powerful lending institutions that hold mortgages over their home. *See* Cal. Civ. Code §§ 2947, *et seq.* At issue here is California's protection of consumers, like Plaintiff, whose mortgage lenders force them to pay money into impound accounts (*i.e.*, escrow accounts) consisting of money paid in advance to cover taxes, assessments, insurance, and other costs associated with the mortgaged residential property. *Id.* Specifically at issue here is California's requirement that *every* financial institution that requires consumers to pay their hard-earned money into these impound accounts pay 2% interest to the consumers whose money they are holding. Cal. Civ. Code § 2954.8(a).

Defendant admits that it never pays the 2%. ECF No. 19, p. 2:19-20. Defendant tries to avoid the application of this important consumer protection measure, claiming that it fits within a narrow exception reserved for those financial institutions that are "**required** by a state [] authority" to place impound money "in a non-interest-bearing demand trust fund account of a bank." *See* ECF No. 19 at pp. 4-5 (*citing* Cal. Civ. Code § 2954.8(d)(2)) (emphasis added).

The flaw in Defendant's argument is both simple and fatal.  The statute Defendant relies on—California Financial Code section 50202—and Defendant's own contract with Plaintiff—make clear that there is no requirement that this impound money be placed in a (1) non-interest-bearing (2) "demand trust fund account," (3) of a bank. Rather, this Defendant had **the option** to place the impounded money into non-banks, like qualifying savings associations and credit unions. *See* Cal. Fin. Code §§ 50003, 50202; 12 U.S.C. § 1813; ECF No. 20-2, Ex. B (Defendant's contract with plaintiff). Also, it is possible for Defendant to put money in an **interest-bearing** account. *See* Cal. Fin. Code § 50202(f); ECF No. 20-2, Ex. B. And nothing in Section 50202 requires that the money be put specifically into a "demand trust fund account."

1    Defendant cannot prove that it meets all of the requirements of the statutory

2    exception.  Because its entire motion depends on that alleged exception, the Court

3    must deny the motion.

4    **II.**    **<u>FACTS AND CLAIMS AT ISSUE</u>**[1]

5    Defendant is a Residential Mortgage Lender that originates and services

6    mortgage loans secured by residential property. ECF No. 20-1, Ex. A; ECF No. 20-

7    2, Ex. B; ECF No. 1, ¶¶ 1, 10. Plaintiff and other California consumers obtained

8    residential mortgages from Defendant. ECF No. 1, ¶¶ 1, 5, 6, 10. In connection with

9    these mortgages, Defendant forced and continues to require advanced deposits in

10    impound accounts to cover future taxes, insurance, assessments, and other costs

11    relating to the properties. *Id*. at ¶¶ 1, 5, 6, 10. Defendant does not pay interest on the

12    money it holds in these impound accounts. *Id.*[2]

13    Plaintiff alleges that California Civil Code section 2954.8(a) requires

14    Defendant to pay at least two percent interest on money held in these mortgage

15    impound accounts. *See* Cal. Civ. Code § 2954.8(a) ("Every financial institution that

16    makes loans upon the security of [residential] real property . . . and that receives

17    money in advance for payment of taxes . . . and other purposes relating to the

18    property . . . shall pay [2 percent simple] interest on such amounts."). Plaintiff brings

19    this action seeking, in short, the unpaid interest. He brings claims on behalf of

20    himself and a proposed class of his fellow consumers for breach of contract and

21    violation of California's Unfair Competition Law. *See* ECF No. 1, ¶¶ 25-37.

22

---

23    [1]  Plaintiff does not oppose Defendant's Requests for Judicial Notice.

24    [2]  In relevant part, Defendant's contract with Plaintiff reads: Section 3: "The

25    [impound account] Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if

26    Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. . . . Unless an agreement is made in writing or Applicable Law

27    requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds…." ECF No. 20-2, Ex. B at

28    section 3.

In its Motion to Dismiss (ECF No. 19), Defendant contends it fits within an exception to the impound interest requirement. The exception states that the interest requirement does not apply to "[m]oneys which are required . . . to be placed . . . in a non-interest-bearing demand trust fund account of a bank." Cal. Civ. Code § 2954.8(d). For the reasons set forth below, Defendant is wrong.

## III.   ANALYSIS: THE EXCEPTION IN SECTION 2954.8 DOES NOT APPLY. DEFENDANT'S INTERPRETATION IS ERRONOUS AND COUNTER TO THE POLICIES AND REMEDIAL SCHEME BEHIND THE STATUTES

California's Civil Code prescribes a variety of consumer protection measures covering home mortgages and, in particular, impound accounts required by financial institutions issuing these mortgages. *See* Cal. Civ. Code §§ 2947 *et seq.* Both the plain language of the statutes at issue here (Cal. Civ. Code § 2954.8; Cal. Fin. Code § 50202) and the remedial policies behind these important consumer protections undercut Defendant's self-serving interpretation of the statutes at issue.

### A.   Specific Statutory Language at Issue

California Civil Code section 2954.8 starts off broadly but has a limited exception.  In relevant part, the section starts as follows:

> (a) **Every**[3] financial institution that makes loans upon the security of real property containing only a one- to four-family residence and located in this state . . . that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. . . .

> (c) For the purposes of this section, "**financial institution" means** a bank, savings and loan association or credit union chartered under the laws of this state or the United States, **or any other person or organization making loans upon the security of real property** containing only a one- to four-family residence.

---

[3] Emphasis is always added unless otherwise stated

1  The exception at subpart (d) at issue in Defendant's Motion says:

2
3
   > (d) The provisions of this section do not apply to any of the following:  . . . .

4
5
   > > (2) Moneys which are **required** by a state or federal regulatory authority to be placed by a financial institution other than a bank **in a non-interest**-bearing **demand trust fund account** of **a bank**.

6  Here, Defendant claims that the exception in (d)(2) applies to it, absolving it

7  of having to pay interest, because of California Financial Code section 50202.

8  Section 50202 states, in part:

9
10
11
12
   > (a) Escrow funds for a purpose authorized by the residential mortgage loan contract (1) shall be subject to and satisfy all applicable state and federal requirements . . . and all applicable provisions of the Civil Code, (2) shall be maintained in a **depository institution** as described in subdivision (b), and (3) may not be commingled with a licensee's funds.

13
14
15
   > (b) Except as provided in subdivision (f), a trust account shall be placed in a non-interest-bearing account in a federally insured **depository institution, a federal home loan bank, a federal reserve bank, or other similar government-sponsored enterprise**….

16
17
18
   > (f) A licensee may, at the request of the owner of the trust funds, transfer the funds initially deposited in a non-interest-bearing trust account into an **interest-bearing account** in a federally insured depository institution if [certain conditions are met]….

19  Importantly, the phrase "depository institution," as used in Section 50202

20  means more than just a bank.  It "has the same meaning as in Section 3 of the Federal

21  Deposit Insurance Act, and includes any credit union." Cal. Fin. Code § 50003(f).

22  In turn, the Federal Deposit Insurance Act defines "depository institution" as "any

23  bank **or** savings association." 12 U.S.C. § 1813(c)(1). Thus, "depository institution"

24  under Section 50202 means any bank, savings association, **or** credit union.

25  As set forth in detail below, this plain language warrants denial of Defendant's

26  Motion to Dismiss.

27
28

**B.    The Plain Language of the These Statutes Reveals That No Exception Applies**

Principles of statutory construction, combined with the plain language of the statutes at issue, demonstrate that California Civil Code section 2954.8(d)(2) does not apply to this Defendant.

### 1.    *Relevant Principles Of Statutory Interpretation*

In construing a statute, a court must ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. *Estate of Griswold*, 25 Cal. 4th 904, 910 (2001).[4] Courts begin by examining "the statutory language, giving the words their [plain,] usual and ordinary meaning. If the terms of the statute are unambiguous, [courts] presume the lawmakers meant what they said, and the plain meaning of the language governs." *Id.* at 912 (internal citations omitted). Where the Legislature makes express statutory distinctions, courts presume this is deliberate and give effect to the distinctions. *Metro. Water Dist. v. Superior Court*, 32 Cal. 4th 491, 502 (2004). In the same vein, "[a] a matter of statutory construction, a word or phrase repeated in a statute should be given the same meaning throughout." *People v. Acosta*, 29 Cal. 4th 105, 114 (2002), *as modified* (Aug. 16, 2002), *as modified* (Sept. 11, 2002).

Only where there is ambiguity do courts look to extrinsic sources. *Griswold*, 25 Cal.4th at 912. A court may not, under the guise of construction, rewrite a statute or give the words an effect different from the plain and direct import of the terms used. *DiCampli-Mintz v. County of Santa Clara*, 55 Cal. 4th 983, 992 (2012); *see In re Brandy R.*, 150 Cal. App. 4th 607, 610 (2007), *as modified* (May 4, 2007) ("Words may not be inserted in a statute under the guise of interpretation.").

Also, here we have the issue of successively enacted statutes.  Section 2954.8 was enacted in 1976.  Section 50202, which Defendant relies heavily on, was enacted

---

[4] This class action is based entirely on California law and is before this Court on the basis of diversity jurisdiction. ECF No. 1, ¶ 11. As such, California law applies. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law. . . .").

1   in 1994. Notably, when courts address successively enacted statutes, they assume

2   that in enacting a later statute (Section 50202 here) the Legislature knew of existing,

3   related laws and intended to maintain a consistent body of statutes. Arguments that

4   a later statute intends to repeal or undercut an earlier statute only stand where the

5   two laws are so inconsistent that there is no possibility of concurrent operation, or

6   where the later provision gives undebatable evidence of an intent to supersede the

7   earlier. Courts aim to maintain the integrity of both statutes. *Burlington N. & Santa*

8   *Fe Ry. Co. v. Puc*, 112 Cal. App. 4th 881, 889–90 (2003).

9         Finally, even when construction beyond the plain meaning of a statute is

10  required, civil statutes for the protection of the public are broadly construed in favor

11  of that protective purpose. *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524,

12  530 (2011). Indeed, California courts expressly apply this liberal construction to

13  statutes addressing impound accounts. *See, e.g., Kirk v. Source One Mortgage*

14  *Services Corp.*, 46 Cal. App. 4th 483, 490 (1996); *see* Smith-Chavez, Stratton &

15  Trembath, California Civil Practice-Real Property § 4:38 ("As remedial legislation

16  to protect consumers, [impound account statutes] must be construed liberally to

17  implement its purpose."). Additionally, courts construe exceptions to a general

18  provision of a statute narrowly such that "only those circumstances within the words

19  and reason of the exception may be included." *Haas v. Meisner*, 103 Cal. App. 4th

20  580, 586 (2002).

21         **2.      _Faithfully Applying these Principles Means that Defendant_**
                   **_Owed the Interest and No Exception Applies_**

22

23         Defendant claims that section 2954.8(d)(2), read in conjunction with section

24  50202, exempts it from paying interest on mortgage impound accounts. But Civil

25  Code section 2954.8(d) only exempts "financial institution[s] other than a bank,"[5]

26

27  [5] Plaintiff does not dispute that Defendant, as a Residential Mortgage Lender, is a
    "financial institution other than a bank."

28

that are "required by a state or federal regulatory authority" to place impound account moneys in a "non-interest-bearing demand trust fund account of a bank." Defendant cannot point to any statute requiring[6] it to place impound account moneys into a non-interest-bearing account of a bank.

As a threshold matter, Defendant does not assert (let alone prove) that it *actually* places Plaintiff's and other consumers' escrow funds into a "non-interest-bearing demand trust fund account of a bank." *See* ECF No. 19. Defendant merely claims to be subject to this requirement. *Id.* Certainly Plaintiff's Complaint does not admit that the money goes where Defendant, in its Motion to Dismiss, suggests that it goes (into a non-interest bearing demand trust fund account of a bank). *See* ECF No. 1.  For this reason alone, Defendant cannot prove that the exception actually applies.  The Court can deny Defendant's Motion to Dismiss on that alone.

To be sure, the only statute that Defendant cites supporting this "requirement" is California Financial Code section 50202. But this statute merely states that residential mortgage lenders such as Defendant must place impound account moneys in a "non-interest-bearing account in a federally insured depository institution." Cal. Fin. Code § 50202(b). As noted above, "depository institution" is broadly defined and it includes more than just banks.  It includes savings associations and credit unions too. *See* Cal. Fin. Code § 50003(f); 12 U.S.C. § 1813(c)(1). As such, Section 50202 does not *require* Defendant to place impound account moneys in a non-interest-bearing account of **a bank**. Rather, it provides many options for locations of impound moneys, including non-interest-bearing accounts of a bank, savings association, or credit union.  Nor does Section 50202 have any requirement that the

---

[6] "Require" is defined as "make necessary; specify as compulsory." *See* English Oxford Living Dictionaries, Oxford University Press (2018), available at: https://en.oxforddictionaries.com/definition/require; *In re Marriage of Bonds*, 24 Cal. 4th 1, 16 (2000) (Courts frequently consult dictionaries to determine the usual meaning of words).

1  money go into a "demand trust fund account" (of a bank), as is required for the

2  Section 2954.8 exception to apply.

3      Moreover, Section 50202(f) actually permits a residential mortgage lender,

4  upon request, to place these impound account moneys in an <u>interest</u>-bearing account.

5  Once again, Section 50202 does not actually require all of the things that must be

6  present for the exception in Section 2954.8(d)(2) to apply, especially when we give

7  that exception the proper narrow reading. *See Haas,* 103 Cal. App. at 586 (statutory

8  exceptions must be "narrowly construed").

9      Defendant attempts to wash over the "account of a bank" requirement

10 expressed in Civil Code section 2954.8(d).  It reads this exception too broadly as

11 encompassing all "non-interest-bearing accounts." *See* ECF No. 19 at p. 4:5-6, 19-

12 21; p. 5:17-21 (repeatedly using the term "account" with no further qualification in

13 an effort to match the relevant statutory language from sections 2954.8(d) and

14 50202). Of course, by ignoring the specific type of "accounts" or "institutions"

15 actually listed in sections 2954.8(d) and 50202(b), Defendant ignores the plain

16 language of these statutes.  *Cf. Griswold*, 25 Cal. 4th at 910 (first and foremost, we

17 look to the "plain meaning" of the statutes).

18     Again, in interpreting this statute, a court must assume the Legislature

19 intended to use specific terms, like "bank." *See id.* at 912 ("If the terms of the statute

20 are unambiguous, [courts] presume the lawmakers meant what they said, and the

21 plain meaning of the language governs."); *Metro. Water Dist.,* 32 Cal. 4th at 502

22 (requiring that statutory distinctions be given their deliberate effect); *Acosta*, 29 Cal.

23 4th 105, 114 (requiring the same meaning carry throughout a statute). California

24 Civil Code section 2954.8 at times refers specifically to a "bank," but at other times

25 refers more broadly to a "financial institution" (defined as a bank, savings and loan

26 association, or credit union). Similarly, section 50202 uses "depository institution"

27 and certain types of banks as separate terms. The words in the two statutes are

28 distinct and this distinction must be given its intended effect. *Id.*

1    Under these guidelines, Defendant's attempt to rewrite the exception at

2 subsection (d)(2) to replace "of a bank" with "of a 'financial institution'" cannot

3 stand. If the Legislature wanted to exempt from the interest payment requirement all

4 impound accounts placed in all non-interest-bearing "financial institutions," it could

5 have and would have just said that. *See DiCampli-Mintz,* 55 Cal. 4th at 992; *In re*

6 *Brandy R.*, 150 Cal. App. 4th 607, 610 ("Words may not be inserted in a statute

7 under the guise of interpretation.").

8    The timing of the relevant legislative enactments is also important in

9 interpreting these statutes. *See Burlington N. & Santa Fe Ry. Co.*, 112 Cal. App. 4th

10 881, 889–90 (2003) (interpreting guidelines assume that the Legislature understood

11 the earlier statute in drafting the later). California Financial Code section 50202

12 came after Civil Code section 2954.8.  In fact, Section 50202 expressly references

13 this section 2954.8 at section 50202(d). As such, when drafting section 50202, we

14 know the Legislature understood the words and definitions used previously in

15 section 2954.8.  And if the legislature meant for section 50202 to fit within the

16 exemption to the impound interest requirement at section 2954.8(d)(2), it could have

17 and would have made this clear. *See id.* (explaining that if a later statute intends to

18 repeal or undercut an earlier statute, the two laws must be so inconsistent that there

19 is no possibility of concurrent operation, or the later provision must give undebatable

20 evidence of an intent to supersede the earlier.)

21    For example, if the California Legislature really wanted to do away with the

22 protections of section 2954.8, it could have simply copied the language from

23 2954.8(d)(2) into section 50202.  The Legislature could have expressly required, in

24 other words, that Residential Mortgage Lenders deposit impound accounts "in a non-

25 interest-bearing demand trust fund account of a bank."  Or section 50202 could have

26 directly stated that section 2954.8's impound interest requirements do not apply in

27 certain situations.

28

PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE
dba MR. COOPER'S MOTION TO DISMISS

1       Yet, this is not what the Legislature did.  Rather, Section 50202 starts, at subd.

2  (a), by reaffirming that financial institutions must satisfy "all applicable" state

3  requirements. It then, at subd. (d), expressly reaffirms that a borrower shall receive

4  at least 2 percent interest on impound account payments covered by Section 2954.8.

5  In short, Defendant cannot prove that there was a "clear" and "unambiguous" intent,

6  by the legislature, to essentially repeal Section 2954.8 for institutions covered by

7  section 50202.[7]  Defendant's interpretation that Section 50202 intended to exclude

8  residential mortgage lenders from the interest payment requirement is not supported

9  by Section 50202 nor the juxtaposition of Section 50202 with Section 2954.8. In

10  fact, the Legislature's deliberate choice of language (like "bank" versus "financial

11  institution") completely undermines Defendant's interpretation.

### C.    The Public Policies and Remedial Purpose Behind These Statutes Supports Plaintiff's Interpretation, Not Defendant's

14       The plain language of these statutes, as discussed above, ends the inquiry and

15  requires denial of Defendant's motion. But in addition, Plaintiff's interpretation of

16  preserving the interest payments is the interpretation that is most consistent with the

17  policies and remedial purposes behind these statutes. Plaintiff's interpretation,

18  furthermore, is the one that more closely mirrors the typical lender-borrower

19  relationship, further proving the reasonableness of Plaintiff's view.

### 1.   *Overview of the Statutory Scheme at Issue*

21       In short, California disfavors and tightly regulates impound accounts relating

22  to mortgaged residential property. *See* Cal. Civ. Code §§ 2947, *et seq.* For example,

23  California often requires financial institutions to specifically advise the consumer-

24  borrower that an impound account is not a required condition of the loan. Cal. Civ.

---

[7] In fact, under Defendants' proposed interpretation of the statute, virtually every "financial institution" holding escrow funds aside from a bank would be exempt from section 2954.8(a)'s broad consumer interest requirement. This cuts against the rule to avoid absurd results or nullity of a statute. *See Findley v. Justice Court*, 62 Cal. App. 3d 566, 573 (1976).

PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE
dba MR. COOPER'S MOTION TO DISMISS

1  Code § 2954(a)(1). Also, where a financial institution creates an impound account,

2  it may not obtain or charge excess amounts over what is reasonably anticipated for

3  tax, insurance, and other purposes. Cal. Civ. Code § 2954.1(b). In the same vein,

4  California restricts the purposes for which a financial institution may collect

5  impound funds, restricting these institutions' ability to collect for private mortgage

6  insurance in certain circumstances. Cal. Civ. Code § 2954.12. Furthermore, the

7  Legislature restricts the location where an impound account may be held primarily

8  to in-state institutions. *See* Cal. Civ. Code § 2955.

9      The requirement that all financial institutions pay interest for holding onto

10  consumer funds is yet another protective measure enacted by California's

11  legislature.  And the interest requirement is completely consistent with the typical

12  lender-borrower relationship that has been around for centuries, and the recognition

13  that an entity in receipt of another's money for its own benefit can be expected to

14  pay interest for that benefit.  As *Petherbridge v. Prudential Sav. & Loan Assn.,* 79

15  Cal. App. 3d 509, 523-24 (1978) explains, "the dominant purpose of the impound

16  payment arrangement [is] to enhance the security of the deed of trust and, thus, to

17  benefit defendant [financial institution], not plaintiff." The payment of interest on

18  that held money, therefore, is generally regarded as typical of the debtor-creditor

19  relationship. *Id.*[8]

20      In sum, California's Civil Code expresses a clear legislative concern for and

21  desire to regulate and restrict a financial institution's ability to force consumers to

---

[8] While the court in *Marsh v. Home Fed. Sav. & Loan Assn.*, 66 Cal. App. 3d 674 (1977) reached a different conclusion—that impound accounts were money held in trust, rather than money held as debt—that case has been distinguished based on its unique facts where there was express intent by the parties that the impound amounts would be held "in trust." *See, e.g., Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP,* 201 Cal. App. 4th 368, 382 (2011) (distinguishing *Marsh* as a case "based on evidence of properly manifested intention" to create a trust); *Petherbridge,* 79 Cal. App. 3d at 525 (also distinguishing *Marsh* based on the specific language of the contract in that case); *Rose v. J.P. Morgan Chase, N.A.,* No. 2:12-225-WBS, 2012 WL 3205426, at *3 (E.D. Cal. Aug. 2, 2012) (distinguishing *Marsh* in favor of *Petherbridge*).

1    make advanced payments into impound accounts. These forced accounts benefit the

2    financial institution lender to the detriment of the consumer who loses access to

3    funds. Where a lender makes this choice and gains an advantage to the detriment of

4    a consumer, it is reasonable to require it do what other debtors typically do: pay

5    interest on the moneys held for its own benefit. *Petherbridge*, 79 Cal. App. 3d at pp.

6    523-24.

7             **2.       The Statutory Purpose of Section 2954.8 and Related Statutes
                         Supports Plaintiff's View**

8

9             Defendant misses the simple purpose behind section 2954.8's interest

10   requirement. Rather, it myopically claims—to paraphrase—that if *it* (allegedly in

11   this case) does not earn interest on this forcibly impounded money, then the

12   consumer should not either. *See* ECF No. 19 at p. 5:17-21 (Defendant argues that a

13   financial institution need not "pay interest on escrow if legally required to deposit

14   escrow payments in non-interest-bearing accounts."). There is no support (and

15   Defendant points to none) within the statutory framework or related case law that

16   suggests that a financial institution's interest obligation lives and dies with the

17   financial institution's own ability to earn interest on those funds. Again, the interest

18   to the consumer is not meant to be a rebate for interest earned by the lender. Rather,

19   as discussed above, the interest is to compensate the consumer who is being forced

20   by the lender to park and lose access to thousands of dollars, for the lender's benefit:

21   security of the pledged asset, in this case, the home that the lender has heavily

22   invested in. *Cf. Petherbridge*, 79 Cal. App. 3d at 523-24 (explaining impound

23   payments are tantamount to credit by a consumer to the financial institution debtor

24   that benefits the financial institution, thereby warranting the interest payments).

25            Plaintiff's interpretation of the statutes and their effects is the more reasonable

26   one.  And to the extent that it is a close call (it should not be), the general rule that

27   civil statutes for the protection of the public are to be broadly construed, requires

28   this Honorable Court to adopt Plaintiff's interpretation over Defendant's. *Cf. Pineda*,

51 Cal. 4th 524, 530; *Kwan v. Mercedes-Benz of North America, Inc.*, 23 Cal. App. 4th 174, 184 (1994) (a manifestly remedial measure, intended for the protection of the consumer should be given a construction calculated to bring its benefits into action); *Kirk,* 46 Cal. App. 4th at 490 (applying these rules of interpretation to the impound account statutes); *accord* Smith-Chavez, Stratton & Trembath, California Civil Practice-Real Property § 4:38.

In summary, while the Court need not reach beyond the plain meaning of the statutes as discussed in the prior sections, if it does, it can rest assured that the broader policy concerns discussed in this section further support the denial of Defendant's motion to dismiss.

### D.   Separately, the Language of Defendant's Own Contract with Plaintiff Undercuts Its Argument for an Exception

Defendant's own contract with Plaintiff further undercuts its argument that it must place impound accounts in a bank. While Defendant provides no evidence of where it actually maintains residential mortgage impound accounts, its contract provides some insights. *See* ECF No. 20-2, Ex. B, ¶ 3. Under the contract, Plaintiff's impound account moneys "shall be held in an **institution** whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) **or** in any Federal Home Loan Bank. . . ." *Id.* In short, and like Section 50202(b) itself, Defendant's own contract proves that it is not limited to placing these impound moneys in a non-interest demand trust account at a bank.

### E.   Defendant's Remaining Constitutional Argument Is Unavailing

Finally, Defendant offers a strained interpretation of these statutes in order to avoid what it frames as a violation of Residential Mortgage Lenders' equal protection rights. *See* ECF No. 19, section III(C). This equal protection argument is completely without merit and cannot justify rewriting the clearly worded statutes at issue.

PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE
dba MR. COOPER'S MOTION TO DISMISS

As an initial matter, Defendant's constitutional cannon of construction only comes into play if the language is not clear. *Griswold*, 25 Cal. 4th 904, 910. Defendant cannot show there is ambiguity in the statutes at issue. *See* Section III(B)(2) , *supra*. In fact, it does not even make that argument. *See* ECF No. 19, section III(C).

Additionally, Defendant cites no support for its proposition that California's Legislature cannot impose or has no rational basis for imposing different standards on Residential Mortgage Lenders as compared with other financial institution lenders. Moreover, financial institutions of all kinds—like banks, credit unions, pension funds, mutual funds, brokerage houses, and others, are routinely subjected to their own—sometimes differing—regulations and standards.  Are those standards all unconstitutional because they are not uniform?  Defendant cannot support that.  Defendant's constitutional arguments must be rejected.  The motion to dismiss must, again, be denied.

## IV.  **CONCLUSION**

All of Defendant's arguments in its motion depend on its flawed interpretation of the exception in Civil Code section 2954.8. As demonstrated above, Defendant cannot satisfy all of the requirements of that exception. As a result, Defendants' admitted practice of not paying interest is actionable and Plaintiff's two causes of action for violation of California's Unfair Competition Law (prohibiting illegal conduct, among other things) and Breach of Contract (Defendant's contract requires it to pay interest where required by law) are indeed plausible. As such, the Court should deny Defendant's Motion to Dismiss in full.

[*signature of counsel appears on following page*]

PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE
dba MR. COOPER'S MOTION TO DISMISS

1  Respectfully submitted:

2  DATED:   August 10, 2018                    **NICHOLAS & TOMASEVIC, LLP**

3

4                                  By:   _/s/ Shaun Markley_
                                         Craig M. Nicholas
5                                        Alex Tomasevic
                                         Shaun Markley
6                                        225 Broadway, Floor 19
                                         San Diego, California 92101
7                                        Telephone: (619) 325-0492
                                         Facsimile: (619) 325-0496
8                                        Email: cnicholas@nicholaslaw.org
                                         Email: atomasevic@nicholaslaw.org
9                                        Email: smarkley@nicholaslaw.org

10                                       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28