GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
grw@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba MR. COOPER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION**

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, dba MR. COOPER,<br><br>Defendant. | Case No. 3:18-cv-03343-JD<br>Honorable James Donato<br>Ctrm. 11<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: September 6, 2018<br>Time: 10:00 a.m.<br>Ctrm.: 11<br><br>Action Filed:   June 6, 2018<br>Trial Date:     None Set |

## TABLE OF CONTENTS

*Page*

I. INTRODUCTION ........................................................................................................... 1

II. RAZUKI'S MISINTERPRETS SECTION 2954.8(D)(2) ................................................... 2

    A. Razuki's Argument Wrongly Focuses On Details Missing Statutory Purpose ......... 2

    B. Razuki Is Wrong On The Details As Well ............................................................... 5

III. RAZUKI'S SUBSIDIARY ARGUMENTS ALSO LACK MERIT ..................................... 6

    A. Razuki's Fuss Over Proof And Contract Provisions Is Irrelevant ........................... 6

    B. Financial Code § 50202(f) Is Irrelevant Because Razuki Did Not Allege That He Requested That His Funds Be Placed Into An Interest-Bearing Account ................................. 7

    C. Razuki's Policy Arguments Are Misguided ............................................................. 7

IV. RAZUKI'S UCL AND CONTRACT CLAIMS MUST BE DISMISSED ........................... 8

V. CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Brandon v. National Credit Union Ass'n,* 115 F.Supp.3d 678 (E.D. Va. 2015) .............................. 6

*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC*,
    61 Cal.4th 830(2015) .................................................................................................... 3

*Herbert Hawkins Realtors, Inc. v. Milheiser*, 140 Cal.App.3d 334 (1983) ...................................... 3

*Nat'l Asian Am. Coalition v. Brown,* 25 Cal.App.5th 60 (2018) ...................................................... 4

*N.B.A. Credit Union, Inc. v. Hargrove*, 834 F.Supp. 845 (E.D. Pa. 1993) ...................................... 6

*926 North Ardmore Ave., LLC v. Cty. of Los Angeles*, 3 Cal.5th 319 (2017) .................................. 3

*Petherbridge v. Prudential Sav. & Loan Assn.,* 79 Cal.App.3d 509 (1978) .................................... 8

*Shaver v. Operating Engineers Local 428 Pension Trust Fund,*
    332 F.3d 1198 (9th Cir. 2003) ..................................................................................... 6

*Statutes*

United States Code
    Title 12, section 1757 ................................................................................................... 6

Federal Rules of Civil Procedure
    Rule 12 ......................................................................................................................... 6

Code of Federal Regulations
    Title 12
        Section 701.34 ............................................................................................... 6
        Section 701.35 ............................................................................................... 6

California Civil Code
    Section 2954.8 ..................................................................................................... *passim*

California Financial Code
    Section 50202 ..................................................................................................... *passim*

## I. INTRODUCTION

The Court should grant the motion to dismiss because a residential mortgage lender ("RML") like Nationstar is not legally required to pay interest on escrow funds. Razuki's contrary arguments are wrong, irrelevant, or both.

Razuki's principal argument is wrong. He argues that Civil Code § 2954.8(d)(2)'s exception does not apply because Financial Code § 50202(b)'s wording differs in insignificant details from the Civil Code's language. The Financial Code requires deposit in a non-interest-bearing account, but does not specify that the account must be a "demand trust fund" account, or require deposit in a bank, as opposed to another type of federally insured financial institution. So, Razuki claims, RMLs do not fit within the Civil Code section's "narrow" wording.

Razuki's lichen-on-the-trees argument misses the forest altogether, in the process offending three longstanding rules of statutory interpretation: (1) in construing related statutes, the court must harmonize them, reconcile seeming inconsistences in them, (2) the court must construe statutes in a common sense manner consistent with their purpose and legislative intent; and (3) the court must avoid interpretations that create constitutional problems. Like the rest of § 2954.8, subdivision (d)(2)'s focus is on interest, not specific types of deposit accounts or on banks rather than other federally insured depositary institutions.

Even at the lichen level, Razuki's argument is wrong. Contrary to Razuki's argument, an RML cannot deposit escrow funds in any institution other than a bank. Savings and loans no longer exist. Credit unions may take deposits only from their individual members, not from non-member corporations. Razuki suggests no other institution in which § 50202(b) allows Nationstar to deposit escrow funds. Also, § 50202(b) requires deposit in a "trust account" and narrowly restricts permissible withdrawals from an RML's escrow account to trust purposes, so the accounts are, in fact, demand trust accounts.

Razuki's argument that Nationstar failed to *prove* where it deposited Razuki's escrow funds is irrelevant. This is a pleading motion based facts alleged in Razuki's complaint, not a summary judgment motion on which proof is permitted. Moreover, § 2954.8(d)(2)'s exception turns on the nature of state or federal regulatory measures, not on the nature of a lender's or loan

1  servicer's actual deposits.  For the same reason, Razuki's deed of trust's provisions regarding
2  deposit of escrow funds are also irrelevant.  What counts under § 2954.8(d)(2) is governmental
3  regulation, not private contract.

4  Razuki's Financial Code § 50202(f) argument is irrelevant as well.  That subdivision
5  authorizes an RML to transfer escrow funds to an interest-bearing account upon the borrower's
6  request.  Razuki has not alleged that he or any class member made such a request.  Thus,
7  § 50202(f) does not apply; Nationstar was required to deposit Razuki's and all class members'
8  funds in a non-interest-bearing account and so §2954.8(d)(2) exempts it from having to pay
9  interest on their escrow funds.

10  Razuki's policy arguments also fall flat.  They misread the applicable statutes and depend
11  on easily distinguishable case law.

12  Tellingly, Razuki's opposition says nothing about the elements of his UCL and breach of
13  contract claims, thereby tacitly conceding that they cannot survive unless this Court adopts his
14  interpretation of §§ 2954.8 and 50202. Since his interpretation is wrong, his two claims must fall.

15  Since the flaw in Razuki's claims is legal, not factual, it cannot be cured by amendment.
16  Therefore, the Court should grant the motion to dismiss without leave to amend.

17  **II.    RAZUKI'S MISINTERPRETS SECTION 2954.8(d)(2)**

18  Nationstar's motion to dismiss explained why Civil Code § 2954.8(d)(2)'s plain meaning
19  exempted Nationstar from paying interest on a borrower's escrow payments.  (ECF No. 19, at 4-
20  6.)  Razuki's contrary argument lacks merit.  As already stated, it focuses on insignificant details,
21  missing the evident statutory purpose and intent.  Moreover, it is wrong even on the details.

22  **A.    Razuki's Argument Wrongly Focuses On Details Missing Statutory Purpose**

23  Razuki's principal argument is that an RML must pay interest on escrow funds because
24  Financial Code § 50202(b)'s wording does not precisely match Civil Code § 2954.8(d)(2)'s
25  language.  (ECF No. 24, at 7:13-10:11.)

26  Razuki attributes critical significance to the difference between § 50202's words "non-
27  interest-bearing account" and "federally insured depository institution" and § 2954.8(d)(2)'s

28

80001.0059/11340507.2                          -2-                              3:18-cv-03343-JD
                                                                    Reply in Support of Motion to Dismiss

parallel language: "demand trust fund account" and "bank."[1]  But Razuki fails to explain why the Legislature would attribute any significance to that difference or what possible legislative purpose the distinction could possibly serve.

Razuki's focus on these irrelevant details offends settled rules of statutory construction.  As Nationstar's opening memorandum pointed out (ECF No. 19, at 3:8-17), when a court is called upon to determine how two separate statutes interact, it "must, where reasonably possible, harmonize statutes, reconcile seeming inconsistences in them, and construe them to give force and effect to all of their provisions."  *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC*, 61 Cal.4th 830, 838 (2015) (citations and internal quotes omitted).  Also, "[t]he words of the statute 'must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must, to the extent possible, be harmonized.' "  *926 North Ardmore Ave., LLC v. Cty. of Los Angeles*, 3 Cal.5th 319, 328 (2017).

Furthermore,

> statutes must be construed in a reasonable and common sense manner consistent with their apparent purpose and the legislative intent underlying them—one practical, rather than technical, and one promoting a wise policy rather than mischief or absurdity.

*Herbert Hawkins Realtors, Inc. v. Milheiser*, 140 Cal.App.3d 334, 338 (1983).

Razuki's proposed interpretation of §§ 2954.8(d)(2) and 50202(b) offends these settled principles.  Razuki does not try to harmonize these statues or to reconcile the seeming inconsistencies between them.  He does the exact opposite:  he uses the apparently inconsistent wording to drive a wedge between the two sections.

Moreover, in doing so, Razuki denies both statutes a reasonable interpretation consistent with their apparent purpose.  As is evident from both sections' other provisions, their overall

---

[1] Section 2954.8(d)(2) states that the section's general requirement that interest be paid on escrow does not apply to money that by state or federal regulation must be placed "in a non-interest-bearing <u>demand trust fund account</u> of a <u>bank</u>. (Emphasis added.) Financial Code § 50202(b) requires an RML to maintain escrow funds in "a non-interest-bearing <u>account</u> in a <u>federally insured depository institution</u>, a federal home loan bank, a federal reserve bank, or other similar government-sponsored enterprise" and allows removal of funds from that account only for six narrowly drawn reasons.  (Emphasis added.)

1  purpose is to generally require payment of interest on escrow accounts, but to except from that
2  general requirement those funds that the state or federal government requires to be deposited in a
3  non-interest-bearing account.  (Civ. Code, § 2954.8(a), (d)(2); Fin. Code, § 50202(b).)  The only
4  reasonable interpretation of the two sections is that the Legislature did not intend to force lenders
5  to pay interest on escrow funds when government regulations prohibited the lenders themselves
6  from earning interest on the funds.

7  Razuki does not suggest any statutory purpose that could possibly be served by excepting
8  from payment of interest only escrow funds deposited in a bank, as opposed to some other type of
9  federally insured depository institution, or only those deposited in a "demand trust account" as
10 opposed to some other form of account.

11 For that same reason, Razuki's proposed interpretation of §§ 2954.8 and 50202 also runs
12 afoul of the canon of constitutional doubt discussed in Nationstar's opening memorandum.  ECF
13 No. 19, at 5:22-7:2.  Contrary to Razuki's argument, ECF No. 24, at 14:1-5, the statutory language
14 of §§ 2954.8(d)(2) and 50202(b) is not so starkly clear that it repels application of this canon—
15 particularly when, as the statutes are harmonized and their seeming inconsistencies are reconciled,
16 as other canons of statutory interpretation require.

17 And, while it is certainly true that regulations governing different types of financial institu-
18 tions may vary, ECF No. 24, at 14:6-14), there still must be some legitimate state purpose served
19 by a statute that discriminates between the different types of regulated entities.  Razuki suggests
20 no such purpose to justify his interpretation which would discriminate against RMLs solely
21 because §50202 allows them to maintain their non-interest-bearing accounts at some form of
22 federally insured depository institution other than a bank.  *See* ECF No. 24, at 14:6-14.  There is
23 none.

24 Razuki's interpretation would plainly treat RMLs in an unequal manner by requiring them
25 to pay interest when no other type of lender or loan servicer is required to do so.  For that reason,
26 his interpretation would create the precise sort of constitutional question that courts are supposed
27 to avoid when interpreting a statute's meaning.  *Nat'l Asian Am. Coalition v. Brown,* 25 Cal.
28 App.5th 60, 78 (2018) ("When faced with a statute reasonably susceptible of two or more interpre-

tations, of which at least one raises constitutional questions, we should construe it in a manner that avoid any doubt about its validity.").

Razuki also emphasizes that § 50202 was enacted after § 2954.8, so the Legislature was presumably aware of subsection (d)(2)'s narrow reference to only "a bank," yet nonetheless chose to require RMLs to deposit escrow funds into non-interest-bearing accounts at federally insured financial institutions. ECF No. 24, at 9:8-27. As Razuki explains, "if the California Legislature really wanted to do away with the protections of section 2954.8, it could have simply copied the language from 2954.8(d)(2) into section 50202." *Id.,* at 9:21-23. But that argument attacks a strawman of Razuki's own creation. Nationstar has not asserted that, in enacting § 50202, the Legislature meant to scrap § 2954.8's general requirement that lenders pay interest on escrow funds. Rather, Nationstar merely contends that when it required RMLs to deposit escrow funds in non-interest-bearing accounts, the Legislature allowed RMLs the same exemption from that general requirement that the Legislature allowed other lenders that are forbidden to earn interest on escrow funds.

Moreover, Razuki's interpretation overlooks the exception's plain language tethering itself solely to "moneys which are required by a state or federal regulatory authority…" (Civ. Code, § 2954.8(d)(2).) So, it is the nature of *the regulatory authority* that determines whether the exception applies or not, rather than the type of financial institution into which the funds must be deposited.

### B.     Razuki Is Wrong On The Details As Well

Razuki's argument is also wrong even at his chosen lichen-level of detail. He claims that an RML cannot claim exemption under § 2548.9(d)(2) because § 50202(b) allows an RML to deposit escrow funds in a "federally insured depository institution," a term he claims is "broadly defined to include savings and loans and credit unions as well as banks. ECF No. 24, at 7:13-23.

But Razuki fails to show that, however broad the definition of "federally insured depository institution," an RML can actually deposit escrow funds in an institution other than a bank. Savings and loans no longer exist. They met their demise in the aftermath of the Great Recession nearly a decade ago.

1    An RML also cannot deposit escrow funds in a federally insured account at a credit union.
2 Generally, credit unions are limited to issuing share accounts (the rough equivalent of a bank's
3 demand deposit account) to their individual credit union members. *See* 12 U.S.C. § 1757(6);
4 12 C.F.R. § 701.35(a); *Brandon v. National Credit Union Ass'n,* 115 F.Supp.3d 678, 681 n. 3
5 (E.D. Va. 2015) ("credit unions typically receive deposits only from a limited 'field of member-
6 ship' "). In the few exceptional situations in which credit unions may accept deposits from non-
7 members, the non-member deposits are not federally insured. *See* 12 C.F.R. § 701.34((b)(3);
8 *N.B.A. Credit Union, Inc. v. Hargrove*, 834 F.Supp. 845, 850 (E.D. Pa. 1993). A non-insured
9 account would not satisfy § 50202(b)'s requirements.

   Razuki is also wrong in claiming that the type of account into which § 50202(b) requires an RML to deposit escrow funds is different from the "demand trust account" referenced in § 2954.8(d)(2). Section 50202(a), (b) specifically provide that an RML may not commingle escrow funds with the RML's own funds, and must instead, retain those funds in "a <u>trust</u> account [which] shall be placed in a non-interest-bearing account in a federally insured depository institution." (Emphasis added.) And, § 50202(b) then goes on to permit withdrawals from the trust account for only six narrowly defined escrow-related purposes, thereby imposing a trust on the escrow account consistent with the trust label the statute uses.

   In short, Razuki misinterprets §§ 2954.8 and 50202. For the reasons stated in Nationstar's opening brief, the two statutes must be read together, harmonized and the minor inconsistencies in their language reconciled. So construed, the statutes exempt RMLs from the requirement of paying interest on escrows since RMLs must deposit escrow funds in non-interest-bearing accounts.

## III.  RAZUKI'S SUBSIDIARY ARGUMENTS ALSO LACK MERIT

### A.  Razuki's Fuss Over Proof And Contract Provisions Is Irrelevant

   Razuki takes Nationstar to task for not *proving* that it *actually* placed Razuki and other similarly situated plaintiffs' escrow funds in a non-interest bearing bank account. ECF No. 24, at 7:5-12. In so arguing, Razuki faults Nationstar for failing to violate Rule 12 which forbids introduction of evidence outside the scope of the pleadings on a motion to dismiss. *Shaver v. Operating Engineers Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (9th Cir. 2003). Proof is ap-

1 propriate on a summary judgment motion. This case should never progress to that stage since it
2 fails on the facts Razuki pleads.

3 Moreover, Razuki's contention is irrelevant as it ignores the wording of the statute he
4 otherwise fly specks. Section 2954.8(d)(2) makes the exception from the section's general re-
5 quirement of payment of interest turn on what is required by state or federal statute or regulation—
6 not on what a lender actually does with escrow funds. A lender cannot avoid paying interest on
7 escrow by *actually* depositing escrow funds in a non-interest-bearing account if not required to do
8 so by state or federal authorities. Conversely, the exemption applies no matter where funds are
9 *actually* deposited if state or federal authorities require deposit in a non-interest-bearing account.

10 For the same reason, Razuki's argument about the deed of trust's reference to escrow funds
11 possibly being held in an "institution" insured by a federal agency, is beside the point. ECF No.
12 24, at 13:11-22. Exemption under § 2954.8(d)(2) turns on state or federal regulatory require-
13 ments, not the terms of any contract between private parties.

### B. Financial Code § 50202(f) Is Irrelevant Because Razuki Did Not Allege That He Requested That His Funds Be Placed Into An Interest-Bearing Account

16 Trying to show that § 50202 does not require Nationstar to deposit escrow funds into a
17 non-interest-bearing account, Razuki points to subdivision (f) of that statute, which permits len-
18 ders to deposit funds in interest-bearing accounts upon the borrower's request. ECF No. 24, at
19 8:3-8. Section 50202(f) does not aid Razuki because does not allege that he asked to Nationstar to
20 transfer his escrow funds to an interest-bearing account. *See* ECF No. 1, at ¶¶ 5-7. Nor has he
21 alleged that the class members he purports to represent have made any such requests to Nationstar.
22 *See id.,* at ¶ 16. So §50202(f) is does not apply to this case. Nationstar cannot, on its own—and
23 without a borrower request—deposit escrow funds in an interest-bearing account.

### C. Razuki's Policy Arguments Are Misguided

25 Razuki also insists that his interpretation of § 2954.8(d)(2) is the more sensible one
26 because California "disfavors and tightly regulates impound accounts relating to mortgaged
27 residential property." ECF No. 24, at 10: 21-22. The litany of statutes Razuki then proceeds to
28 discuss, ECF No. 24, at 11:1-8, however, does not demonstrate that his interpretation of § 2954.8

1   is more sensible.  California may "tightly regulate" impound accounts without requiring RMLs to
2   pay interest on escrow funds deposited in non-interest-bearing accounts.  Indeed, it has done pre-
3   cisely that by carving out the exception stated in § 2954.8(d)(2).
4       *Petherbridge v. Prudential Sav. & Loan Assn.,* 79 Cal.App.3d 509, 523-24 (1978) does not
5   bolster Razuki's policy arguments either.  The decision is plainly distinguishable.  The Court in
6   *Petherbridge* noted that "the amounts collected by defendant from the Petherbridges as impounds
7   were at all times commingled with defendant's general assets and were used for ordinary business
8   purposes, thereby producing income." *Id.* at p. 515.  That fact is what led the Court to conclude
9   that the dominant purpose of the funds was to benefit defendant rather than the borrowers.  *Id.* at
10  523.
11      The present case is different because § 50202(a)(3) expressly states that escrow funds
12  "may not be commingled with a licensee's funds" and may not be used for Nationstar's ordinary
13  business purposes but, instead, must be deposited in a non-interest-bearing account, allowing
14  withdrawals only for specified escrow-related purposes.  *See* Fin. Code, § 50202(b)(1)-(6).

15  **IV.   RAZUKI'S UCL AND CONTRACT CLAIMS MUST BE DISMISSED**

16      Nationstar's motion to dismiss explained why Razuki's UCL and breach of contract claims
17  should be dismissed.  ECF No. 19, at pp. 7-10.  Razuki's opposition discusses neither of his
18  claims.  Instead, Razuki focuses entirely the reasons why Nationstar supposedly cannot invoke the
19  exception set forth in § 2954.8(d)(2).  Implicit in that silence is a concession that if Razuki's
20  statutory interpretation is wrong, his UCL and contract claims necessarily crumble too.

21  **V.    CONCLUSION**

22      For the foregoing reasons, the Court should grant Nationstar's motion to dismiss without
23  leave to amend.
24  ///
25  ///
26  ///
27  ///
28  ///

| | | |
|---|---|---|
| 1 | DATED:  August 17, 2018 | SEVERSON & WERSON<br>A Professional Corporation |
| 2 | | |
| 3 | | By:  _____/s/ Genevieve R. Walser-Jolly_____ |
| 4 | | Genevieve R. Walser-Jolly |
| 5 | | Attorneys for Defendant |
| 6 | | NATIONSTAR MORTGAGE LLC dba MR. COOPER |

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On August 17, 2018, I served true copies of the following document(s): **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action as follows:

| | |
|---|---|
| Craig M. Nicholas, Esq. | Attorneys for Plaintiff |
| Alex Tomasevic, Esq. | Salam Razuki |
| Shaun Markley, Esq. | |
| Nicholas & Tomasevic, LLP | Telephone:    (619) 325-0492 |
| 225 Broadway, 19th Fl. | Facsimile:    (619) 325-0496 |
| San Diego, CA  92101 | cnicholas@nicholaslaw.org |
| | atomasevic@nicholaslaw.org |
| | smarkley@nicholaslaw.org |

**[X]    BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 17, 2018, at Irvine, California.

_____
Matthew N. Tran