GENEVIEVE R. WALSER-JOLLY (State Bar No. 262784)
grw@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
JAN T. CHILTON (State Bar No. 47582)
jtc@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba MR. COOPER

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company, dba MR. COOPER,<br><br>Defendant. | Case No. 3:18-cv-03343-JD<br>Honorable James Donato<br>Ctrm. 11<br><br>**CLASS ACTION**<br><br>**NATIONSTAR MORTGAGE LLC'S ANSWER TO THE COMPLAINT AND COUNTERCLAIM**<br><br>Action Filed:   June 6, 2018<br>Trial Date:      None Set |

NATIONSTAR MORTGAGE LLC dba MR. COOPER ("Nationstar" or "Defendant") answers the correspondingly numbered paragraphs of Plaintiff SALAM RAZUKI's ("Plaintiff") Complaint as follows. Any allegations in Plaintiff's Complaint not expressly admitted are hereby denied:

# I. INTRODUCTION AND STATEMENT OF FACTS

1. Nationstar admits that the complaint attempts to allege a violation of California law, but denies that Nationstar has, in fact, violated any California law.  Nationstar admits that some of loans it services have escrow accounts into which the borrower deposits money each month and from which Nationstar pays property taxes and/or insurance for the encumbered property when due.  Except as expressly admitted, Nationstar denies each allegation of this paragraph.

2. Nationstar denies each allegation of this paragraph.

3. The allegations set forth in this paragraph are a legal conclusion for which no admission or denial is required.   If a response is required, Nationstar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 3 and on that ground denies them.

4. Nationstar denies each allegation of this paragraph.

5. Nationstar admits that on or about February 15, 2008, Plaintiff Salam Razuki obtained a $416,860 loan from Bank of America, N.A(the "Old Loan") secured by a deed of trust encumbering 3279 Chelsey Park Circle, Spring Valley, CA 91978 (the "Property"). The Old Loan was service transferred to Nationstar on or about October 15, 2012.  Nationstar further admits that in July 2013, Plaintiff refinanced the Old Loan with a new $391,737 loan from Nationstar (the "New Loan") secured by a new deed of trust encumbering the Property ("New Deed of Trust").  An escrow account for the payment of property taxes and insurance was established under each of Plaintiff's loans.  Except as expressly admitted, Nationstar denies each allegation of this paragraph.

6. Nationstar admits that Plaintiff had an escrow account for the payment of property taxes and insurance under each of his loans.  Nationstar paid Plaintiff at least 2% interest on the escrow funds for 2012 - 2017.  Except as expressly admitted, Nationstar denies each allegation of this paragraph.

7. Nationstar admits that Plaintiff had an escrow account for the payment of property taxes and insurance under each of his loans.  To date, Nationstar paid Plaintiff at least 2% interest

1  on the escrow funds for 2012 - 2017.  Except as expressly admitted, Nationstar denies each
2  allegation of this paragraph.

3    8.   Nationstar lacks knowledge or information sufficient to form a belief about the
4  truth of the allegations of paragraph 8 and on that ground denies them.

## II.  PARTIES

6    9.   Nationstar admits that Nationstar Mortgage LLC is a Delaware limited liability
7  company and that Mr. Cooper is a dba of Nationstar Mortgage LLC.  Except as expressly
8  admitted, Nationstar denies each allegation of this paragraph.

9    10.   Nationstar admits that it is a limited liability company and that its principal place of
10 business is Lewisville, Texas.  Nationstar is a residential mortgage lender.  Nationstar also
11 services loans on behalf of other lenders.  Nationstar lends on and services loans secured by real
12 property located in California.  Some of the loans that Nationstar services have escrow accounts
13 for the payment of property taxes and insurance.  Except as expressly admitted, Nationstar denies
14 each allegation of this paragraph.

## III.  JURISDICTION AND VENUE

16   11.   Nationstar denies that the Court has jurisdiction of this action under 28 U.S.C. §
17 1332(a)..

18   12.   Nationstar admits that it conducts business in this District.  Except as expressly
19 admitted, this paragraph calls for a legal conclusion and therefore, no further response is required.

## IV.  CLASS ACTION ALLEGATIONS

21   13.   Answering paragraph 13, Nationstar incorporates its responses to each of the
22 preceding allegations.

23   14.   Nationstar admits that Plaintiff purports to bring this action on behalf of himself
24 and others similarly situated.  Nationstar denies that this action is appropriate for class
25 certification.  No further response is required to this paragraph, as it is merely a statement of
26 Plaintiff's litigation goals.  To the extent that any further response is necessary, Nationstar denies
27 each allegation set forth in this paragraph.

28   15.   Nationstar responds that the allegations set forth in this paragraph are legal

1  conclusions and statements of Plaintiff's litigation goals for which no admission or denial is
2  required.  Nationstar denies that this action is appropriate for class certification.  To the extent that
3  any further response is necessary, Nationstar denies each allegation set forth in this paragraph.

4        16.    Nationstar denies that this action is appropriate for class certification.  No further
5  response is required to this paragraph, as it is merely a statement of Plaintiff's litigation goals and
6  a proposed definition of Plaintiff's putative class.  To the extent that any further response is
7  necessary, Nationstar denies each allegation set forth in this paragraph.

8        17.    Nationstar denies that this action is appropriate for class certification.  No further
9  response is required to this paragraph, as it is merely a statement of Plaintiff's proposals regarding
10 the scope of the putative class.  To the extent that any further response is necessary, Nationstar
11 denies each allegation set forth in this paragraph.

12       18.    Nationstar denies that this action is appropriate for class certification.  No further
13 response is required to this paragraph, as it is merely a statement of Plaintiff's litigation goals.  To
14 the extent that any further response is necessary, Nationstar denies each allegation set forth in this
15 paragraph.

16       19.    Nationstar lacks information or belief sufficient to answer the allegations relating to
17 Plaintiff's knowledge, and on that ground denies them.  Nationstar further denies that this action is
18 appropriate for class certification and denies each remaining allegation of this paragraph.

19       20.    Nationstar lacks information or belief sufficient to answer the allegations relating to
20 Plaintiff's knowledge, and on that ground denies them.  Nationstar further denies that this action is
21 appropriate for class certification and denies each remaining allegation of this paragraph.

22       21.    Nationstar denies that this action is appropriate for class certification.  To the extent
23 that any further response is necessary, Nationstar denies each allegation set forth in this paragraph.

24       22.    Nationstar denies that this action is appropriate for class certification.  Nationstar
25 denies each allegation set forth in this paragraph, including each of its subparts.

26       23.    Nationstar denies that this action is appropriate for class certification.  Nationstar
27 denies each allegation set forth in this paragraph.

28       24.    Nationstar denies that this action is appropriate for class certification.  Nationstar

1  denies each allegation set forth in this paragraph.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR BUSINESS PRACTICES ACT

### (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*)

25. Answering paragraph 25, Nationstar incorporates its responses to each of the preceding allegations.

26. Nationstar responds that the allegations set forth in this paragraph are a legal conclusion for which no admission or denial is required. Except as expressly provided, Nationstar denies each allegation of this paragraph.

27. Nationstar denies each allegation of this paragraph.

28. Nationstar denies each allegation of this paragraph.

29. Nationstar denies each allegation of this paragraph.

30. Nationstar denies each allegation of this paragraph.

31. Nationstar denies each allegation of this paragraph.

32. Nationstar denies each allegation of this paragraph.

### SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

33. Answering paragraph 33, Nationstar incorporates its responses to each of the preceding allegations.

34. Nationstar avers that it was a party to the Old Loan and its deed of trust via assignment. Nationstar is a party, but not signatory, to the New Loan and New Deed of Trust. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the whether or not it is "bound by the mortgage agreements with…the Class…," and on that basis denied this allegation. Nationstar denies each remaining allegation of paragraph 34.

35. Nationstar lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35 and on that ground denies them.

36. Nationstar denies each allegation of this paragraph.

1   37. Nationstar denies each allegation of this paragraph.

## VI. PLAINTIFF'S PRAYER FOR RELIEF

Nationstar denies each allegation of Plaintiff's prayer and each allegation of the prayer's subparts. Nationstar further denies any wrongdoing whatsoever, and denies that Plaintiff is entitled to any relief.

## VII. NATIONSTAR'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim for Relief)

The Complaint and each and every cause of action set forth therein fails to state facts sufficient to constitute a cause of action.

### Second Affirmative Defense

### (Justification or Privilege)

Plaintiff's Complaint and each claim for relief therein is barred because Nationstar was privileged or justified.

### Third Affirmative Defense

### (Compliance with Governing Law)

Nationstar's compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

### Fourth Affirmative Defense

### (Set-Off)

Plaintiff's claims are subject to set-off of all sums due and owing to Nationstar, if any.

### Fifth Affirmative Defense

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to: California Code of Civil Procedure § 337 and California Business and Professions Code § 17208.

/ / /

/ / /

### Sixth Affirmative Defense

### (Good Faith)

Defendant at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory and regulatory requirements, thus precluding any recovery.

### Seventh Affirmative Defense

### (Waiver/Estoppel)

Plaintiff waived his right to pursue the claims raised in the Complaint, and in each cause of action contained therein, and is estopped from asserting those claims against Nationstar.

## VIII.  NATIONSTAR'S COUNTERCLAIM

### FIRST CLAIM

### DECLARATORY RELIEF

**(Against Salam Razuki, as an individual and on behalf of all others similarly situated)**

Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar") alleges the following counterclaim for declaratory relief against Salam Razuki ("Razuki") and the class he purports to represent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202:

1. Nationstar is a citizen of Delaware and Texas.  It is a Delaware limited liability company.  Nationstar's only members are Nationstar Sub1, LLC and Nationstar Sub2, LLC.  The only member and 100% owner of each of those two limited liability companies is Nationstar Mortgage Holdings, Inc., which is incorporated in Delaware and has its principal place of business in Texas.

2. Nationstar is informed and believes that Razuki is a citizen of California. Nationstar is informed and believes that the class alleged in the complaint includes more than 100 members.  The amount in controversy in this counterclaim exceeds $5 million, exclusive of interest and costs, as payment of 2% interest on escrow accounts for loans secured by 1 to 4 family residential property in California costs Nationstar approximately $7,000,000 - $8,000,000 each year.

3. As the defendant in this action, Nationstar may properly seek a declaratory

1  judgment by counterclaim.

2      4.    Nationstar's counterclaim arises from the same transactions as Razuki's complaint
3  and so is a compulsory counterclaim.

4      5.    This Court has jurisdiction of this counterclaim under 28 U.S.C. § 1332(d) and
5  supplemental jurisdiction of this counterclaim under 28 U.S.C. § 1367(a).

6      6.    Venue for these counterclaims is proper in this district under 28 U.S.C. §§ 1391(b),
7  1391(c), and 1400(b).

8      7.    In July 2013, Razuki refinanced his prior loan with a new $391,737 loan from
9  Nationstar (the "New Loan") secured by a deed of trust encumbering the Property ("New Deed of
10 Trust").  Plaintiff has an escrow account for the payment of property taxes and insurance for the
11 New Loan.

12     8.    In his complaint, Razuki alleges that Nationstar was and is required to pay at least
13 2% simple interest to borrowers on the money held in impound accounts (i.e. escrow accounts) for
14 loans secured by one-to-four family residential properties in California, pursuant to California
15 Civil Code § 2954.8. *See* Complaint, ¶¶ 1-8.

16     9.    Nationstar disputes Razuki's allegation.

17     10.    Nationstar is a licensed Residential Mortgage Lender ("RML").

18     11.    Nationstar is required to deposit all escrow payments it receives "in a non-interest-
19 bearing account in a federally insured depositary institution." Cal. Fin. Code, §50202(b).

20     12.    Like every other type of regulated loan servicer that is legally required to deposit
21 escrow payments in non-interest-bearing accounts, RMLs (including Nationstar) are not required
22 to pay interest on those amounts.  Cal. Civ. Code, § 2954.8(d)(2).

23     13.    California Civil Code § 2954.8(d)(2) creates an exception to the rest of California
24 Civil Code § 2954.8.  The escrow payments are therefore not "covered by" California Civil Code
25 § 2954.8 and no interest need be paid on them.

26     14.    No statute requires Nationstar to pay interest to borrowers on the money held in
27 impound accounts for loans secured by one-to-four family residential properties in California.

28     15.    Nevertheless, to comply with the Department of Business Oversight's ("DBO's")

demand, during the weeks of September 27 and October 3, 2018, Nationstar credited open loan accounts secured by one-to-four family residential properties in California with interest on escrow funds for 2017, the only year during which Nationstar had not already paid interest on those accounts. On closed loan accounts secured by similar properties, Nationstar paid interest on escrow funds for 2017 by checks sent the borrowers.

16. Nationstar is not required to continue paying interest to borrowers on the money held in impound accounts for loans secured by one-to-four family residential properties in California in the future.

17. An actual and justiciable controversy exists between Nationstar, on the one hand, and Razuki, and members of his alleged class, on the other, as to whether or not Nationstar is required to pay at least 2% simple interest to borrowers on the money held in impound accounts for loans secured by one-to-four family residential properties in California.

## IX. NATIONSTAR'S DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant Nationstar demands trial by a jury in this action.

## X. NATIONSTAR'S PRAYER FOR RELIEF

WHEREFORE, Nationstar prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the complaint;
2. That the Court enter a judgment dismissing the Complaint with prejudice;
3. That the Court enter a judgment on the Counterclaim declaring that Nationstar is not required to pay 2% interest on escrow accounts for loans secured by one-to-four family residential properties in California;
4. For costs of suit herein; and
5. For such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED: January 11, 2019 | SEVERSON & WERSON |
| 2 | | A Professional Corporation |

By: */s/ Genevieve R. Walser-Jolly*
 Genevieve R. Walser-Jolly

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC dba MR. COOPER