UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant. | Case No. 18-cv-03343-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 53 |

Plaintiffs Salam Razuki and Kenton Miller filed a First Amended Complaint as a putative class action against defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"). Dkt. No. 48. The complaint alleges that Nationstar failed to pay interest as required by California state law on escrow accounts holding property tax and insurance funds for mortgage customers. *Id.* Nationstar moved to dismiss the complaint under Rule 12(b)(6) on the grounds that it has no legal duty to pay interest. Dkt. No. 53. It also challenges personal jurisdiction under Rule 12(b)(1). *Id.* The amended complaint is dismissed with leave to amend.

## BACKGROUND

As alleged in the amended complaint, Nationstar is a residential mortgage lender that has financed mortgages on properties in California and other states. Dkt. No. 48 ¶ 24. Some borrowers were required to prepay property taxes and insurances premiums into escrow accounts, which Nationstar used to directly pay those obligations. *Id*. ¶¶ 2, 24. Plaintiffs allege that California law required Nationstar to pay those borrowers 2% interest on the accounts. *Id*. ¶ 2. They cite California Civil Code Section 2954.8(a) for that proposition. *Id*. Nationstar made some interest payments in 2017, but "stated it will *not* pay interests on escrow funds for 2018, 2019, or any time in the future." *Id*. ¶ 14; *see also id.* ¶¶ 12-15.

Named plaintiffs Razuki and Miller are California residents with mortgages from Nationstar on their California residences. *Id*. ¶¶ 21-22. They did not receive "all interest owed on all monies" they prepaid into their escrow accounts with Nationstar. *Id*. ¶ 23. They allege three

claims against Nationstar: (1) a violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"); (2) breach of contract; and (3) "unjust enrichment/quasi-contract." Although Razuki and Miller are California residents, they seek to act as representatives for a putative multi-state class that includes Nationstar customers in Connecticut, Iowa, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New York, Oregon, Rhoda Island, Utah, Vermont, "and/or" Wisconsin. *Id*. ¶ 25. They also allege a "subclass" consisting only of California residents. *Id*. ¶ 26.

**DISCUSSION**

**I.    LEGAL STANDARDS**

The standards governing Nationstar's 12(b)(6) motion to dismiss are well-established. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint must make "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Court treats the plaintiffs' factual allegations as true and draws all reasonable inferences in plaintiffs' favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But it will not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted). If the complaint is dismissed, an opportunity to amend will be provided unless the Court determines that no cure is possible by new allegations of fact. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**II.   JURISDICTION**

Nationstar challenges jurisdiction based on the absence of a subject matter jurisdiction

2

statement in the amended complaint. Dkt. No. 53-1 at 11. Nationstar does not contend that the Court lacks subject matter jurisdiction over plaintiffs' claims; it says only that plaintiffs did not satisfy Civil Local Rule 3-5(a), which requires in every complaint a separate "Jurisdiction" paragraph that states the statutory or other basis for federal jurisdiction, "and the facts supporting such jurisdiction."

To a degree, this is an instance of the pot criticizing the kettle in that Nationstar did not include a proper jurisdiction paragraph in its own Counterclaim. *See* Dkt. No. 43 at 7. Although plaintiffs did not satisfy the letter of the local rule, the amended complaint alleges enough facts to establish jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Diversity of citizenship is adequately alleged. Plaintiffs are citizens of California. Dkt. No. 48 ¶¶ 21-22. Nationstar is a citizen of Delaware and Texas. *Id.* ¶ 24; *see also* Dkt. No. 43 (Nationstar's Answer and Counterclaim) at 7 ("Nationstar is a citizen of Delaware and Texas."). The aggregate amount in controversy is alleged to exceed the CAFA threshold. *See* 28 U.S.C. §§ 1332(d)(2) and (6) (claims of individual class members are aggregated to determine whether amount in controversy exceeds $5,000,000 requirement under CAFA); Dkt. No. 48 ¶ 24 ("The amounts withheld in interest are, therefore, substantial, totaling at least $7 million per year in California alone."). And the amended complaint alleges a putative class numbering "in the hundreds of thousands," which satisfies the CAFA numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B); Dkt. No. 48 ¶ 29. Nationstar also agrees that the class alleged in the original complaint, which is the California subclass in the amended complaint, "includes more than 100 members." Dkt. No. 43 at 7.

After raising this challenge, Nationstar acknowledged the presence of subject matter jurisdiction in a footnote in its reply brief. Dkt. No. 64 at 10 n.3. Consequently, the case is properly before the Court.

Nationstar also objects to plaintiffs' ability to sue on behalf of customers outside of California. Dkt. No. 53-1 at 13-14. It relies mainly on an argument about specific personal jurisdiction under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), and related cases. *Id*.

The Court need not evaluate the applicability *vel non* of *Bristol-Myers Squibb*, because

3

1 Razuki and Miller cannot serve as named representatives for individuals outside of California.

2 This is a threshold issue of standing under Article III, which should be decided now and not

3 deferred to Rule 23 proceedings. *In re Capacitors Antitrust Litigation*, 154 F. Supp. 3d 918, 924

4 (N.D. Cal. 2015).

The detailed analysis in *In re Capacitors* fully applies here. *See id.* at 923-27. In summary, Article III standing must be measured claim by claim. *Id*. at 924 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). When measuring standing claim by claim, a named plaintiff must possess the requisite standing; it is not sufficient that a putative class member may have standing to press one of the claims. *Id*. at 925 (citing *Lewis v. Casey*, 518 U.S. 343, 357-58 (1996)). Consequently, at least one named plaintiff must have Article III standing to bring a claim under the laws of each state included in the alleged multi-state class. *Id*. at 926-27; *see also Van Mourik v. Big Heart Pet Brands, Inc.*, No. 17-cv-03889-JD, 2018 WL 1116715, at *1-2 (N.D. Cal. Mar. 1, 2018).

This forecloses claims on behalf of a multi-state class at this time. Razuki and Miller are California residents and property owners. There is no allegation that they were injured by Nationstar's alleged conduct in any state other than California. Plaintiffs do not suggest that California law applies to all putative class members. *See* Dkt. No. 61 at 14-15. Consequently, the amended complaint does not establish that Razuki or Miller may sue on behalf of Nationstar customers outside California.

If plaintiffs amend on this point, they should identify the state laws on which they bring their claims. The amended complaint currently mentions only California law, and the basis of any out-of-state claims is not apparent.

### III. PLAUSIBILITY OF CLAIMS

The sufficiency of the amended complaint, and the individual UCL, breach of contract, and unjust enrichment claims, turns on one question: Did plaintiffs plausibly allege that Nationstar was required to pay at least 2% interest on the escrow accounts? The answer is no.

The parties put considerable emphasis on disputing the interpretation of various California statutes relating to escrow account interest, probably because the amended complaint reads like a

legal brief, complete with citations to cases. *See, e.g.*, Dkt. No. 48 ¶¶ 2-7. But there is a more fundamental issue at stake. The statute on which the amended complaint is based, California Civil Code Section 2954.8, expressly states that the obligation to pay interest does not apply to "[m]oneys which are required by a state or federal regulatory authority to be placed by a financial institution other than a bank in a non-interest-bearing demand trust fund account of a bank." Cal. Civ. Code § 2954.8(d)(2). In other words, interest is due only for accounts outside this exception.

The problem with the amended complaint is that it does not allege any facts about the type of accounts Nationstar used for plaintiffs' escrow funds. There are no facts to indicate that plaintiffs' accounts were of the type for which Nationstar had an obligation to pay interest. The amended complaint says only that each plaintiff deposited funds into "an escrow account" and that Nationstar was required to pay interest "if applicable laws so require." Dkt. No. 48 ¶¶ 8, 9.

Consequently, as the allegations currently stand, it is just as likely that Nationstar handled the escrow accounts in a manner consistent with Section 2954.8 as in violation of it. Plaintiffs have not alleged enough facts to tip their claims from the possible and speculative to the plausible. That will not do under Rule 8. *See Twombly*, 550 U.S. at 557, 570.

## CONCLUSION

The amended complaint is dismissed with leave to amend by April 20, 2020, in a manner consistent with this order. New claims or defendants may be added only with express leave of Court. If the current public health situation makes that deadline unrealistic, plaintiffs may request a different date. Failure to meet the deadline will result in a dismissal of the case under Rule 41(b).

**IT IS SO ORDERED.**

Dated: March 26, 2020

JAMES DONATO
United States District Judge